UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KARIN DITNER,

                              Plaintiff,

                       -against-

FAIRWAY BROADWAY LLC;
FAIRWAY GROUP HOLDINGS CORP.;
TRIUMPH CONSTRUCTION CORP.; and
CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC.,

                             Defendants.
------------------------------------------------------------------X

18-CV-

**COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff, by her attorneys Jaroslawicz & Jaros PLLC, alleges as and for her complaint against the defendants, upon information and belief, as follows:

## THE PARTIES

1. This complaint involves an incident that occurred on February 18, 2018 ("Date of Accident").

2. Plaintiff is a citizen of the country of Canada and is domiciled in Ontario, Canada.

3. Defendant FAIRWAY BROADWAY LLC ("Fairway BL") is a Delaware limited liability company licensed to do business and doing business in the State of New York, with its principal office in the County of New York.

4. The defendant FAIRWAY GROUP HOLDINGS CORP. (Fairway GHC") is a Delaware corporation licensed to do business and doing business in the State of New York, with its principal office in the County of New York.

5. Defendant TRIUMPH CONSTRUCTION CORP. ("Triumph") is a New York corporation with its principal office in New York.

6. Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("Con Ed") is a New York corporation with its principal office in the County of New York.

## JURISDICTION AND VENUE

7. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has jurisdiction over this matter by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2) in that the plaintiff is a citizen or subject of Canada and each defendant is a citizen of New York or another State of the United States.

9. The defendants committed a tortious act in New York.

10. Venue is properly placed in the Southern District of New York since the defendants are located here, the events occurred here, one or more defendants own, use, or possess real property here, and witnesses are located here.

## THE UNDERLYING FACTS

11. The roadway known as W. 74th Street at or near its intersection with Broadway in Manhattan, State and City of New York, was and still is a public thoroughfare.

12. At some point prior to the Date of Accident, defendant Con Ed entered into a contract with defendant Triumph that contemplated the performance of certain roadway work, including in the roadway on the north half of W. 74th Street immediately west of Broadway and in a portion of the crosswalk (the "Location").

13. Defendant Triumph was contracted to perform certain roadway work at the Location prior to Date of Accident.

14. Defendant Triumph performed certain road work at the Location prior to Date of Accident.

15. On Date of Accident, Fairway BL owned and operated a supermarket with an address at 2121-2127 Broadway, located on the northwest corner of W. 74th St. and Broadway.

16. On Date of Accident, Fairway GHC owned and operated a supermarket with an address at 2121-2127 Broadway, located on the northwest corner of W. 74th St. and Broadway.

17. On Date of Accident, Fairway BL employed an individual who operated a forklift for the purpose of moving merchandise.

18. On Date of Accident, Fairway BL employed an individual who operated a forklift for the purpose of moving merchandise.

19. On Date of Accident, a street opening and excavation existed in the roadway of the Location with dimensions of approximately at least five (5) feet wide by at least five (5) feet long by at least five (5) feet deep.

20. The street opening at the Location was an excavation uncovering subterranean conduit or piping owned and operated by defendant Con Ed.

21. As of Date of Accident, one or more metal plates was set in place and appeared to be covered at certain points by asphalt, including at the north curb of W. 74th St.

22. The asphalt covering a portion of a metal plate was approximately flush with the north curb at W. 74th St., not with the roadbed.

23. At approximately 1:00 p.m. on Date of Accident, an employee of defendant Fairway BL, Fairway GHC, or both, in the scope of his employment, was operating a forklift in the vicinity of its supermarket at the Location.

24. Due to the negligence of the defendants, the forklift came in contact with one or more metal plate at the Location and a metal plate was caused to move, opening the excavation and causing plaintiff to fall into the excavation.

25. As a result, plaintiff was caused to suffer significant and severe personal injuries, including fracture, left ankle, Weber A type; tenderness, lateral malleolus; unable to bear weight; will require physical therapy; required air cast and crutches; edema and swelling, left ankle; trauma to head; possible concussion; dazed post fall with vertigo and dizziness; suffered fear and terror; pain and suffering; mental anguish and distress; unable to attend to regular duties and vocation and avocation continuing into the future; numbness, right shoulder; bruise and ecchymosis, left knee; scrapes, scratches and bruising, including on right thigh; osteoarthritic and arthritic changes are anticipated; required hospital medical care and treatment and will require additional medical care in the future; economic damages; and plaintiff has been otherwise damaged; all of plaintiff's injuries are permanent in nature and continuing into the future.

**FIRST CLAIM FOR RELIEF**
**(AS AGAINST THE FAIRWAY DEFENDANTS)**

26. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

27. The Fairway defendants, by their agents servants and employees, including their forklift operator, were reckless, careless and negligent in creating a dangerous

condition; in failing to operate the forklift with due care; in launching a force of harm; in exacerbating a dangerous condition; in causing and creating a hole into which plaintiff was caused to fall; in creating a trap, hazard, and a nuisance; in failing to have sufficient and efficient personnel; in failing to supervise the work; in failing to warn of the dangers; in failing to barricade or cordon off the area; in failing to avoid the metal plates on the roadway and crosswalk area; in failing to heed the roadway conditions; in operating the forklift without due regard for pedestrians in the area; in operating a forklift on a public street; in operating the forklift in a manner that would endanger a person or property; in failing to raise the fork to avoid contact with roadway obstructions; in failing to register the forklift with the department of motor vehicles; in violating the applicable statutes, rules and regulations, including 34 RCNY § 4-02(c), and at the time of trial plaintiff will ask the Court to instruct the jury on all applicable statutes, rules and regulations; and defendants were otherwise reckless, careless and negligent.

28. As a result of defendants' negligence, plaintiff was caused to be injured as set forth above.

29. By reason of the foregoing, plaintiff is entitled to recover all of her damages, jointly and severally, from the defendants in an amount to be determined by a jury at trial.

**SECOND CLAIM FOR RELIEF**
**(AS AGAINST TRIUMPH)**

30. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

31. Defendant Triumph, by its agents, servants, and employees, was reckless, careless and negligent in creating and suffering a dangerous condition; in launching an

instrumentality or force of harm; in causing and creating a hole in the roadway into which plaintiff was caused to fall; in failing to properly cover an excavation; in failing to provide a secure cover; in failing to fill the excavation; in failing to warn of the dangers; in abandoning the hole; in creating a trap, hazard, and a nuisance; in failing to have sufficient and efficient personnel; in violating the stipulations of the applicable street opening permit imposed for the protection of pedestrians and traffic; in violating the provisions of its contract; in failing to supervise the work; in failing to barricade or cordon off the area; in leaving, permitting and suffering an unattended street opening or excavation whether the plate was subject to movement; in failing to provide a plate or decking that extended a minimum of twelve (12) inches beyond the edge of the trench; in failing to cover all edges to provide smooth riding and safe condition; in failing to fasten the plating and decking by splicing, spiking, pinning or countersinking or otherwise to prevent movement; in failing to post signs at the Location indicating "Steel Plates Ahead Raise Plow" or to countersink the plates flush to the level of the roadway; in violating the applicable statutes, rules and regulations, including 34 RCNY §§ 2-11 (e) (4) (ii), (iii); 2-11 (e) (10) (i), (ii), (iii), (v), and at the time of trial plaintiff will ask the Court to instruct the jury on all applicable statutes, rules and regulations; and defendant was otherwise reckless, careless and negligent.

    32. As a result of defendant's negligence, plaintiff was caused to be injured as set forth above.

    33. By reason of the foregoing, plaintiff is entitled to recover all of her damages, jointly and severally, from the defendants in an amount to be determined by a jury at trial.

## THIRD CAUSE OF ACTION
## (AS AGAINST CON ED)

34. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

35. Defendant Con Ed, by its agents, contractor and/or subcontractors, servants, and employees, was reckless, careless and negligent in creating and suffering a dangerous condition; in launching an instrumentality or force of harm; in causing or creating a hole in the roadway into which plaintiff was caused to fall; in failing to properly cover an excavation; in failing to provide a secure cover; in failing to fill the excavation; in failing to warn of the dangers; in abandoning the hole; in creating a trap, hazard, and a nuisance; in failing to have sufficient and efficient personnel; in violating the stipulations of the applicable street opening permit imposed for the protection of pedestrians and traffic; in violating the provisions of its contract; in failing to supervise the work; in failing to barricade or cordon off the area; in leaving, permitting and suffering an unattended street opening or excavation whether the plate was subject to movement; in failing to provide a plate or decking that extended a minimum of 12 inches beyond the edge of the trench; in failing to cover all edges to provide smooth riding and safe condition; in failing to fasten the plating and decking by splicing, spiking, pinning or countersinking or otherwise to prevent movement; in failing to post signs at the Location indicating "Steel Plates Ahead Raise Plow" or to countersink the plates flush to the level of the roadway; in violating the applicable statutes, rules and regulations, including 34 RCNY §§ 2-11 (e) (4) (ii), (iii); 2-11 (e) (10) (i), (ii), (iii), (v), and at the time of trial plaintiff will ask the Court to instruct the jury on all applicable statutes, rules and regulations; and defendant was otherwise reckless, careless and negligent.

36. Defendant Con Ed is liable for the negligence of its contractor and/or subcontractor.

37. As a result of defendant's negligence, plaintiff was caused to be injured as set forth above.

38. By reason of the foregoing, plaintiff is entitled to recover all of her damages, jointly and severally, from the defendants in an amount to be determined by a jury at trial.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

Dated: March 21, 2018

JAROSLAWICZ & JAROS PLLC
*Attorneys for the plaintiff*

by: _____
David Tolchin
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
dtolchin@lawjaros.com

## JURY TRIAL DEMAND

Plaintiff demands that this case be tried by a jury.

Dated: March 21, 2018

_____
David Tolchin